THE NATIONAL DOCKS AND NEW JERSEY JUNCTION CONNECTING RAILWAY COMPANY, appellant,

*v.*

THE PENNSYLVANIA RAILROAD COMPANY and THE UNITED NEW JERSEY RAILROAD AND CANAL COMPANY, respondents.

On appeal from a decree dismissing complainant's bill, advised by Vice-Chancellor Van Fleet, whose opinion is reported in *National Docks &c. Railway Co.* v. *United New Jersey Railroad Co., 7 Dick. Ch. Rep. 366.*

*Mr. Charles L. Corbin* and *Mr. John R. Emery,* for the appellant.

*Mr. James B. Vredenburgh* and *Mr. Joseph D. Bedle,* for the respondents.

The opinion of the court was delivered by

DIXON, J.

The bill in this case was filed to have the defendants enjoined from hindering the complainant in the construction of its railroad through the yard of the Pennsylvania Railroad Company in Jersey City. The complainant based its right so to construct the railroad on statutory proceedings to condemn, which it claimed had been completed by payment of the assessed compensation to the clerk of the Hudson circuit court. The defendants

insisted that such a payment, made without any rule or order of the court itself, was not a compliance with the statute; and the vice-chancellor being of that opinion, a decree was entered dismissing the bill, from which decree the complainant appeals.

The language of the act regulating these condemnation proceedings is that, under certain circumstances, "payment of the amount * * * into the circuit court * * * shall be deemed a valid and legal payment." · *Rev. p. 929 § 13.*

There is, we think, no substantial difference between the meaning of this language and the meaning of a statutory direction that the money should be paid to the clerk of the circuit court. As long as the courts of this state have existed, the clerk of the court has been its officer for the reception of money lawfully paid into court, and whether the legislature directs payment into court or payment to the clerk of the court, it contemplates that the money shall pass into the hands of the clerk, but under the charge and control of the court. In neither case is manual possession by the clerk essential to the accomplishment of the legislative purpose; in both, the substance of the thing is that the fund shall be within the judicial authority of the court.

This being so, a due regard to the rights of parties would seem to dictate that the court should be brought into every transaction involving the payment of money into court, for it owes, either to the party paying or to the party for whom it is paid, the duty of exercising judicial care over the fund. To this end, the court itself should be apprised of and should sanction every such payment.

In all cases where a party in a pending suit brings money into court for his adversary, the propriety of such a practice is recognized by the courts, and it was admitted on the present argument that in such cases the uniform procedure was to obtain a rule permitting the payment. But it is insisted that, because the statute authorizes the condemning company to pay the money into court, no rule of court is requisite. The statute, however, is not tantamount to a special direction in a particular case; it merely grants a general privilege to be enjoyed by all persons coming within its purview. In like manner, the law of the land

gives to all litigants the privilege of paying money into court for their opponents. But when a suitor seeks to avail himself of this general privilege, he must take a special rule to legalize his payment. I see no good reason why the general statutory privilege should not be appropriated on the same terms.

What has been said is not intended to deny the power of each court to establish its own rules and practice on this subject, or to intimate that a payment made in accordance with such rules or practice, though without a special order, would be illegal. All we mean is that, in the absence of due proof that any different rule or practice prevails, it should be assumed, under statutes authorizing payment into court or to the clerk of a court, that payment cannot lawfully be made without the participation of the court itself.

In the present case, neither the pleadings nor proofs indicated any peculiar rule or practice on this subject in the Hudson circuit, and consequently the vice-chancellor rightly concluded that due payment had not been made.

This determination renders it unnecessary to consider any other point of controversy.

The decree dismissing the bill should be affirmed.

*For affirmance* — THE CHIEF-JUSTICE, ABBETT, DEPUE, DIXON, GARRISON, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, SIMS, SMITH—12.

*For reversal*—None.